571 P.2d 1042

Donald L. ANDERSON and Katherine L. Anderson, husband and wife, Appellants,

v.

SOUTHWEST SAVINGS AND LOAN ASSOCIATION, a corporation, Appellee.

No. 1 CA–CIV 3314.

Court of Appeals of Arizona, Division 1, Department A.

Sept. 15, 1977.

Rehearing Denied Nov. 7, 1977.

Review Denied Nov. 29, 1977.

Andrew G. Galasky, Phoenix, for appellants.

Cahill, Hanson, Phillips & Mahowald by Gregory E. Hinkel, Phoenix, for appellee.

## OPINION

NELSON, Presiding Judge.

Donald and Katherine Anderson, plaintiffs, filed an action in Maricopa County Superior Court against Mountaineer Mobile Homes Co. (Mountaineer), Kaufman & Broad Home Systems, Inc., and Southwest Savings and Loan Association (Southwest) to recover *inter alia* damages for breach of implied warranties involving the purchase of a mobile home. This action was consolidated with a pending declaratory judgment action brought by Mountaineer against Kaufman in which Mountaineer sought, among other things, a determination of Kaufman's liability for certain defects in mobile homes manufactured by Kaufman and sold to retail purchasers by Mountaineer. This appeal concerns only the propriety of a summary judgment entered in favor of the defendant, Southwest and against the plaintiffs Anderson. Plaintiffs' action against Southwest is based on Southwest's status as assignee of the note and security agreement plaintiffs gave as consideration for the purchase of a mobile home from Mountaineer. The summary judgment in favor of Southwest states several separate and distinct grounds for granting judgment in favor of Southwest and against the plaintiffs.

Plaintiffs first contend the summary judgment was entered in violation of Rule 58(d)(1), Arizona Rules of Civil Procedure. The trial court's minute entry granting summary judgment was dated June 19, 1975. The instruments on appeal disclose that on June 25, 1975 the trial court signed and approved the formal written judgment drafted by Southwest absent an indication that the proposed judgment had been served upon plaintiffs or their counsel for approval prior to its presentation to the trial court. Plaintiffs contend this contravened the specific provisions of Rule 58(d) and that the judgment should therefore be vacated. We disagree.

Plaintiffs' argument disregards the exclusionary language contained in the first part of Rule 58(d)(1), which states in part:

"In case of a judgment *other than* for money or *costs*, or *that all relief be denied*, the judgment shall not be settled, approved and signed until the expiration of five days after the proposed form thereof has been served upon opposing counsel unless the opposite party or his counsel endorses on the judgment an approval as to form." (Emphasis added).

The applicability of Rule 58(d)(1) depends not on the issues resolved prior to refusal of the relief requested, as plaintiffs basically contend, but upon the type of relief denied. Here it was the trial court's determination that Southwest was entitled to judgment as a matter of law, and that plaintiffs be denied all relief sought against Southwest. The court also assessed costs against the plaintiffs. Since, by the express terms of Rule 58(d)(1) a judgment providing "for money or costs, or that all relief be denied" need not be submitted to the adverse party for approval as to form, no error occurred when the judgment was signed by the court without its prior submission to the plaintiffs. The fact that the summary judgment recites findings upon which it was based in no way changes the result of the judgment "that all relief be denied". Rule 58(d)(1).

The next issue concerns the first basis on which the court granted summary judgment, namely, that the plaintiffs had failed to state a claim for which relief could be granted. Plaintiffs seek affirmative recovery against Southwest, the assignee of plaintiffs' note and security agreement, for various breaches of warranties with respect to a mobile home purchased from Mountaineer. It is undisputed that prior to the assignment of the note and security agreement from Mountaineer to Southwest, Southwest had had no dealings with the plaintiffs with respect to this purchase and in no way participated in the sale of the mobile home.

Plaintiffs contend the primary authority for an affirmative recovery of money damages in this case is found in A.R.S. § 44–3139, which states in part:

"A. Unless an account debtor has made an enforceable agreement not to assert defenses or claims arising out of a sale as provided in § 44–3119 the rights of an assignee are subject to:

1. All the terms of the contract between the account debtor and assignor and any defense or claim arising therefrom; . . ."

Plaintiffs' argument is that no "enforceable" agreement not to assert claims or defenses was made and therefore Southwest is *liable for* claims arising from the terms of the contract between plaintiffs and Mountaineer, Southwest's assignor. In support of this contention they have exerted much effort to explain why their waiver of claims or defenses against Mountaineer's assignee (Southwest) is unenforceable.

■ This convoluted argument overlooks entirely the clear language of A.R.S. § 44–3139(A) which concerns the "*rights* of an *assignee* " and what these *rights* are "*subject to* " if no enforceable agreement not to assert claims or defenses has been made. Assuming, for the purposes of this discussion only, that no such enforceable agreement exists, it is clear that A.R.S. § 44–3139(A) does not create a cause of action for money damages against an assignee of commercial paper.

■ The assignment from Mountaineer to Southwest gave Southwest the right to "all monies to become due" under Mountaineer's and the plaintiffs' security agreement. Thus the right involved is Southwest's right to receive installment payments from the plaintiffs pursuant to the agreement. Plaintiffs contend the use of the term "subject to" in the statute somehow transformed Southwest's right to receive payment into a liability for claims plaintiffs may have against Mountaineer.

"The words 'subject to,' used in their ordinary sense, mean 'subordinate to,' 'subservient to' or 'limited by.' There is nothing in the use of the words 'subject to,' in their ordinary use, which would even hint at the creation of affirmative rights." *Englestein v. Mintz*, 345 Ill. 48, 61, 177 N.E. 746, 752 (1931).

The term "subject to" in some contexts may impose personal obligations or liabilities, such as where the term is used in a contract dealing with the liability of one of the contracting parties. See *Homan v. Employers Reinsurance Corporation*, 345 Mo. 650, 136 S.W.2d 289 (1939); *cf. Del Rio Land, Inc. v. Haumont*, 110 Ariz. 7, 514 P.2d 1003 (1973). But in the present case we are concerned not with the construction of a contract, but with that of a statute. Gener-

ally, the words used in a statute will be given their ordinary meaning unless it appears from the context or otherwise that a different meaning was intended. *Members of the Board of Education of Pearce Union High School District v. Leslie,* 112 Ariz. 463, 543 P.2d 775 (1975). Plaintiffs have cited neither case law nor commentary, and we have found none, indicating the term "subject to" in A.R.S. § 44–3139 (A), was intended to establish an affirmative basis for relief. It will therefore be given its ordinary meaning, making it clear no cause of action for affirmative relief was intended to be created by the statute.[1]

Plaintiffs next argue that if we find they failed to state a claim for which relief could be granted, they should have been granted leave to amend their complaint to set forth an action for a declaratory judgment pursuant to A.R.S. § 12–1831. They argue that if Southwest's position is correct in that their "claim against Southwest could only be litigated if . . . Southwest brought an action on the note . . . a Declaratory Judgment Action . . . would [be] appropriate insofar as the determination of the Andersons' claim against Southwest is concerned, . . . ." We disagree.

Plaintiffs have continued to make the installment payments to Southwest required by their agreement and Southwest has not brought suit against them for recovery under the note. There is no present controversy with respect to the claims and defenses available to plaintiffs should Southwest sue them in the future.

 It is well established that a declaratory judgment action will not lie where it is used merely as a vehicle to obtain an advisory opinion. *Moore v. Bolin,* 70 Ariz. 354, 220 P.2d 850 (1950). The proceeding must be based on an actual controversy, involving an existing state of facts, and not on facts which may or may not arise sometime in the future. *Moore v. Bolin, supra.*

Plaintiffs have failed to present a justiciable controversy which can be adjudicated in this action. They were properly denied leave to amend their complaint.

Plaintiffs have presented several other issues involving alternate grounds for the trial court's summary judgment. Since we have determined that dismissal of plaintiffs' complaint was proper in that it failed to state a claim for relief, it is unnecessary to reach these issues.

The judgment of the trial court is affirmed.

FROEB, Chief Judge, Division 1, and HAIRE, J., concur.

---

1. There may indeed be another specific statutory basis for denying relief in this case, A.R.S. § 44–3138. However, since this statute does not appear as one of the bases given by the trial court for its decision, and since it was not briefed or argued to this Court by either counsel, we will not discuss it further in this opinion.