898 P.2d 517

**In the Matter of the APPEAL IN NAVAJO COUNTY JUVENILE ACTION NO. JV–94000086.**

**No. 1 CA–JV 94–0067.**

Court of Appeals of Arizona, Division 1, Department A.

June 27, 1995.

---

which directed that appellant ("juvenile"), then seventeen years of age, be detained in a juvenile facility until his eighteenth birthday. The adjudication was based on admissions entered by juvenile after he was permitted to waive counsel without the presence of a parent or guardian. The sole issue is whether the waiver was permissible. We find that the waiver was impermissible and, therefore, reverse.

## FACTS AND PROCEDURAL HISTORY

On April 1, 1994, in response to a report by juvenile's mother, a sheriff's deputy found drug paraphernalia and marijuana plants in juvenile's room. On May 5, 1994, a delinquency petition was filed against juvenile alleging production of marijuana and possession of drug paraphernalia. On June 4, 1994, in response to a report by juvenile's brother, the sheriff's department found prescription-only drugs and additional drug paraphernalia and marijuana in juvenile's bedroom. On July 28, 1994, an additional delinquency petition was filed against juvenile alleging possession of prescription-only drugs, possession of drug paraphernalia, and possession or use of marijuana.

Between May and July of 1994, juvenile was abandoned by his mother, who left him in the care of his nineteen-year-old brother.[1] On June 22, 1994, juvenile attended the advisory hearing on the May 5, 1994, petition. He appeared alone, without counsel, parent, or guardian and, after advising the court that he would waive his right to court-appointed counsel, admitted both delinquency counts. On July 26, 1994, juvenile appeared for his disposition hearing, again without counsel, parent, or guardian, and was ordered detained in the Navajo County Juvenile Detention Facility until his eighteenth birthday on November 28, 1994. Juvenile appealed to this court on July 28, 1994, requesting a court-appointed attorney to represent him on appeal of the juvenile court disposition order.

Apparently, juvenile was brought from detention on August 17, 1994, to appear at the advisory hearing on the June 4, 1994, peti-

Melvin R. Bowers, Jr., Navajo County Atty. by Brad Carlyon, Deputy County Atty., Holbrook, for appellee.

Myrna J. Parker, Navajo County Public Defender, Holbrook, for appellant.

## OPINION

THOMPSON, Judge.

This appeal is from an order entered July 26, 1994, reflecting a delinquency adjudication and disposition in the juvenile court

---

1. Juvenile's natural father abandoned the family approximately three years ago.

tion.[2] Again without the benefit of counsel, parent or guardian, juvenile indicated that he would waive counsel, and admitted the allegations of the second delinquency petition. Juvenile was ordered "to remain in detention until further order of the court," with disposition set for September 23, 1994.

On August 22, 1994, the juvenile court, under order of this court, appointed counsel for juvenile's appeal purposes. On September 14, 1994, we granted juvenile a stay of execution of the July 26, 1994, disposition order and juvenile was released from detention, pending the outcome of his appeal.[3] Although juvenile has now reached the age of majority and is beyond the jurisdiction of the juvenile court, we retained this appeal for consideration and disposition despite its mootness because it presents an issue that is "capable of repetition, yet evading review." *State v. Valenzuela,* 144 Ariz. 43, 44, 695 P.2d 732, 733 (1985); *KPNX Broadcasting v. Superior Court,* 139 Ariz. 246, 250, 678 P.2d 431, 435 (1984).

## DISCUSSION

■ Ariz.Rev.Stat.Ann. ("A.R.S.") § 8–225 provides, as here pertinent:

A. In all proceedings conducted pursuant to this title and the Rules of Procedure for the Juvenile Court, a child has the right to be represented by counsel ...

C. Prior to any court appearance which may result in detention, institutionalization or mental health hospitalization of a child, the court *shall* appoint counsel for the child if counsel has not been retained by or for the child, unless counsel is waived by *both* the child and a parent or guardian with whom the child resides or resided prior to the filing of a petition.

A.R.S. § 8–225(A), (C) (Supp.1994) (emphasis added). In applying a statute, words are given their ordinary meaning, unless it appears that a special meaning was intended by the Legislature. *Mid Kansas Federal Sav. and Loan Ass'n of Wichita v. Dynamic Development Corp.,* 167 Ariz. 122, 128, 804 P.2d

1310, 1316 (1991). It is only where language is ambiguous that judicial construction is necessary, and, where the language of the statute leads only to one meaning, the courts must follow such meaning. *Smith v. Superior Court,* 17 Ariz.App. 79, 82, 495 P.2d 519, 522 (1972). "Shall is a word used in laws, regulations, or directives to express what is mandatory ..." *Webster's New Collegiate Dictionary* (1981). The ordinary meaning of the word "shall," in the context of a statute, is to impose a mandatory duty. The use of the word "shall" indicates a mandatory intent. *Insurance Co. of North America v. Superior Court,* 166 Ariz. 82, 85, 800 P.2d 585, 588 (1990); *Biaett v. Phoenix Title & Trust Co.,* 70 Ariz. 164, 217 P.2d 923 (1950).

Subsection (D) of § 8–225 directs that "[w]aiver of counsel pursuant to this section is subject to the provisions of rule 6, subsection (c) of the Rules of Procedure for the Juvenile Court." Rule 6(c) of the Juvenile Rules provides that "a child may waive counsel if the court finds that his waiver is knowingly, intelligently and voluntarily given in view of his age, education, apparent maturity and within the presence of his parents, guardian or custodian, at the time of waiver."

■ Rule 6(c) and § 8–225(C) unambiguously require the presence of a child's parent, guardian or custodian before an effective waiver of counsel can be found. Additionally, Rule 6(c) and § 8–225(C) provide important procedural safeguards on the waiver of counsel in juvenile court and reflect a legislative judgment that children may well lack the experience and understanding to competently determine the best course in legal proceedings that may critically affect their lives.

## CONCLUSION

■ Juvenile appeared before the court for his advisory and disposition hearings without the benefit of counsel, parent, or guardian. Juvenile was permitted to waive counsel and make admissions against his interest in violation of A.R.S. § 8–225. Ac-

---

**2.** This court has no minute entries regarding the August 17, 1994, hearing.

**3.** Apparently, the August 17, 1994, disposition hearing on the June 4, 1994, allegations was vacated.

cordingly, we hold that juvenile was denied his statutory right to counsel.

For the foregoing reasons, the trial court's order adjudicating juvenile as delinquent and making disposition thereon is reversed.

TOCI, P.J., and GERBER, J., concur.