NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

ROGER DALE SHIFFLETT, *Petitioner/Appellant*,

*v.*

JAIME BRANDON PORTER, *Respondent/Appellee*.

No. 1 CA-CV 13-0619
FILED 10-23-2014

Appeal from the Superior Court in Maricopa County
No. FC2012-051232
The Honorable Jay M. Polk, Judge

**AFFIRMED**

COUNSEL

Cynthia L. Best, Attorney at Law, Scottsdale
By Cynthia L. Best
*Counsel for Petitioner/Appellant*

Singer Pistiner, P.C., Phoenix
By Robert S. Singer
*Counsel for Respondent/Appellee*

---

## MEMORANDUM DECISION

Presiding Judge Jon W. Thompson delivered the decision of the Court, in which Judge Donn Kessler and Judge Kent E. Cattani joined.

---

**T H O M P S O N**, Judge:

¶1        Roger Dale Shifflett (Father) appeals from the minute entry order denying his petition to modify custody, parenting time, and child support on an expedited basis.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2        Jamie Brandon Porter (Mother) and Father were divorced in Virginia in 2007 and have one Daughter together.  The Virginia court entered an order granting Mother sole legal custody[1] and primary physical custody of their Daughter.  In 2008, the Virginia court also entered a visitation order awarding Father parenting time alternating weekends from Friday at 6:00 p.m. to Sunday at 6:00 p.m., and every other Wednesday from 4:00 p.m. to 7:00 p.m.  Holidays and vacation time were divided between the parents.

¶3        In approximately January 2009, Father began working and occasionally living in Texas.  Father relocated to Texas permanently in March 2010.  Three months later, Mother and Daughter moved from Virginia to Florida; and in September 2011, relocated to Arizona.  Father registered the Virginia custody and visitation orders in Maricopa County Superior Court, and on March 13, 2012, filed a petition to modify custody, parenting time and child support on an expedited basis.  Father alleged that a modification of custody was necessary because Mother refused to comply with the Virginia visitation order and Father feared Mother would flee Arizona to evade enforcement of Father's parenting time.  Mother opposed father's petition, and filed a cross-petition for increased child support and

---

[1]        As of January 1, 2013, the Arizona legislature changed all references to "legal custody" in Arizona Revised Statutes ("A.R.S.") title 25, chapter four to "legal decision-making."  See 2012 Ariz. Sess. Laws, ch. 309, § 4 (2d Reg. Sess.); A.R.S. § 25–401(3). The revised statute applies to these proceedings. Court rules, however, still use the term "custody" and thus we use the terms interchangeably here.

request for supervised visitation. The court held a return hearing on Father's petition and ordered the parties to attempt to agree upon a person to conduct a limited family assessment. Thereafter, the parties mutually agreed to expand the limited family assessment to a comprehensive custody evaluation (custody evaluation), and agreed that Dr. Brian W. Yee would be the custody evaluator.

¶4 In July 2012, while the petitions were still pending, Mother and Daughter relocated to North Carolina. Father filed multiple motions, including a request for order to prevent relocation, an expedited petition to enforce father's parenting time, and an emergency temporary order without notice for custody and parenting time. Mother responded and filed an affirmative request for an order permitting relocation, asserting that relocation was necessary because her employment was terminating in Arizona. The court denied Father's motion for temporary orders as an emergency, but set an evidentiary hearing for August 21, 2012. At the request of Father's counsel, the evidentiary hearing was continued, and was eventually held on December 19, 2012 and February 26, 2013.

¶5 Prior to the hearing, Dr. Yee submitted his custody evaluation to the court. The custody evaluation was based on individual and joint interviews with Mother and Father; individual interviews with Daughter; psychological testing of Mother and Father; examination of Mother's medical records; an interview with Dr. Henry J. Schulte, Mother's treating physician; and review of the parties' depositions. The custody evaluation stated: (1) the parties had difficulty communicating and cooperating with each other; (2) Mother alleged Father had a history of domestic violence, and though Father denied committing domestic violence, he admitted to being jailed for violations of an order of protection; (3) Mother was treated for anxiety and post-concussion effects resulting from a 2009 bus accident, but remained effective in providing daily care for her Daughters; (4) both Mother and Father have a history of frequent relocation; (5) Daughter is psychologically attached to Father, Mother, and Mother's daughter from a prior relationship; (6) Daughter is well-adjusted under the primary care of Mother and succeeding in school; and (7) both parents are likely to comply with the court's order regarding parenting time. Ultimately, Dr. Yee concluded that a move to reside permanently with Father would not benefit Daughter, and it would not be in Daughter's best interest to change the custody arrangement.

¶6 After receiving the custody evaluation, Father retained Gary Prince, M.D, as an expert to address Mother's medical records, Father's relationship with Daughter, and the custody evaluation. Dr. Prince based

his evaluation on a ninety-minute interview with Father and examination of Mother's medical records. Father introduced a letter from Dr. Prince into evidence, which opined that Mother had unresolved personal and psychological issues and appeared unable to provide a secure, steady environment for Daughter. Dr. Prince concluded it was in Daughter's best interest to reside permanently with Father.

¶7            At the evidentiary hearing, the court heard testimony from Mother, Father, and Drs. Yee, Prince, and Schulte. The court found "Dr. Yee's Report, opinions, and testimony significantly more persuasive than Dr. Prince's Report, opinions, and testimony." Thereafter, the court made its own detailed and specific findings concerning changed circumstances and the relevant factors identified in Arizona Revised Statutes ("A.R.S.") section 25-403 (Supp. 2013).[2] Based on its findings, the court denied Father's request to modify legal custody and affirmed the Virginia court's award of sole legal decision-making to Mother. The court awarded Father the following parenting time: one weekend per month; all of Daughter's summer vacation, with the exception of the first and last week; and alternating winter, thanksgiving, and spring breaks. Additionally, the court found that because neither Father nor Mother registered the Virginia court's child support order in Arizona, the court did not have jurisdiction to modify the child support order. Finally, the court awarded Mother a

---

[2]            Those factors are: (1) the past, present and future relationship between each parent and the child; (2) the interaction of the child with her parents, siblings, or any other person who may significantly affect the child's best interests; (3) the child's adjustment to home, school and community; (4) if the child is of suitable age, his or her wishes regarding legal decision-making and parenting time; (5) the mental and physical health of all individuals involved; (6) which parent is more likely to allow the child frequent and meaningful continuing contact with the other parent; (7) whether a parent intentionally misled the court to cause unnecessary delay, increase the cost of litigation, or persuade the court to give legal decision-making  or parenting time preference to the parent; (8) whether there has been any domestic violence or child abuse; (9) the nature and extent of any coercion or duress used by a parent in obtaining an agreement regarding legal decision-making or parenting time; (10) parental compliance with chapter 3 article 5 of Title 25 (requiring completion of a domestic relations educational program); and (11) any conviction for false reporting of child abuse or neglect. A.R.S. § 25-403(A).

portion of her reasonable attorney fees and costs pursuant to A.R.S. § 25–324 (Supp. 2013).[3]

¶8 Father timely appealed. This court has jurisdiction pursuant to A.R.S. §§ 12-120.21 and -2101(B) (Supp. 2013).

## DISCUSSION

¶9 The superior court reviews petitions for modifying child custody arrangements "in accordance with the best interests of the child." A.R.S. § 25-403(A). The court has broad discretion in deciding whether to modify a child custody order, and we will defer to its ruling absent clear abuse of that discretion. *Owen v. Blackhawk*, 206 Ariz. 418, 420, ¶ 7, 79 P.3d 667, 669 (App. 2003) (custody); *Armer v. Armer*, 105 Ariz. 284, 289, 463 P.2d 818, 823 (1970) (parenting time). "An abuse of discretion exists when the record, viewed in the light most favorable to upholding the trial court's decision, is devoid of competent evidence to support the decision." *State ex rel. Dep't of Econ. Sec. v. Burton*, 205 Ariz. 27, 30, ¶ 14, 66 P.3d 70, 73 (App. 2003).

Sanctions Imposed by the Court

¶10 Father first argues that the court improperly sanctioned him for retaining Dr. Prince as an expert witness following the issuance of Dr. Yee's custody evaluation. Father does not specifically explain what sanctions were ordered by the court. Rather, Father asserts that the court ignored Dr. Prince's opinion and should not have found Dr. Yee's opinion "significantly more persuasive" than Dr. Prince's opinion. Father, in essence, is asking this court to reweigh the evidence, which we will not do. *See Double AA Builders, Ltd. v. Grand State Constr. L.L.C.*, 210 Ariz. 503, 511, ¶ 41, 114 P.3d 835, 843 (App. 2005) (stating we give deference to the trial court's opportunity to judge the credibility of the witnesses, and will not reweigh the evidence on appeal); *see also Gutierrez v. Gutierrez*, 193 Ariz. 343,

---

[3] Father asserts in the "Conclusion" section of his opening brief that the court's award of attorneys' fees to Mother improperly sanctioned him for "taking his case to trial." However, Father presents no argument to support this assertion. "In Arizona, opening briefs must present significant arguments, supported by authority, setting forth an appellant's position on the issue raised. Failure to argue a claim usually constitutes abandonment and waiver of that claim." *State v. Carver*, 160 Ariz. 167, 175, 771 P.2d 1382, 1390 (1989); *see also* ARCAP 13(a)(6). Because Father failed to sufficiently raise this issue on appeal, we deem it waived.

347, ¶ 13, 972 P.2d 676, 680 (App. 1998). Moreover, Father's claim that the court ignored Dr. Prince's opinion is unsupported by the record. In the custody order, the court discussed Dr. Prince's report and testimony, and quoted his opinion regarding Mother's mental health and parental fitness. But the court also noted that Dr. Prince had never met with Mother and had simply reviewed Mother's medical records. The court's decision not to adopt Dr. Prince's recommendation does not mean it abused its discretion. *See DePasquale v. Superior Court*, 181 Ariz. 333, 336, 890 P.2d 628, 631 (App. 1995) (stating that a court may consider expert opinion in making a child-custody determination, but it must exercise independent judgment in custody matters); *see also* A.R.S. § 25–403(A) ("court shall determine legal decision-making and parenting time").

¶11        Additionally, Father argues that the court improperly based its legal decision-making ruling on the finding that Father "unreasonably" challenged the custody evaluation. We disagree. Among the factors the court must consider in awarding legal decision making is "[w]hether a parent's lack of an agreement is unreasonable or is influenced by an issue not related to the child's best interests." A.R.S. § 25-403.01(B)(2) (Supp. 2013). In considering this factor, the court addressed its "significant concerns regarding the Parents' failure to reach an agreement after the Yee Report was issued." The court noted that Father first nominated Dr. Yee to conduct the CCE, and that Dr. Yee's evaluation was extremely thorough. Rather than trying to reach an agreement with Mother upon receiving the custody evaluation, Father retained Dr. Prince in an attempt to discredit it. The court found that because Dr. Prince "performed only a superficial investigation of the facts," Father acted unreasonably in failing to reach an agreement with Mother regarding joint legal decision-making. Father's disagreement with the court's analysis of this statutory factor does not establish an abuse of discretion. *See Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16, 219 P.3d 258, 262 (App. 2009); *see also Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 4, 53 P.3d 203, 205 (App. 2002) (explaining that the trier of fact is in the best position to weigh the evidence).

Domestic Violence

¶12        Father next argues that the trial court erred in considering Mother's domestic violence allegations in its custody determination because the domestic violence incidents occurred prior to the Virginia divorce decree and custody orders. Father's opening brief is devoid of relevant legal authority in support of his argument. As a result, this argument is waived. *See* ARCAP 13(a)(6) ("[E]ach contention raised on appeal . . . shall be identified, with citations to relevant authority."); *see also*

*Polanco v. Indus. Comm'n*, 214 Ariz. 489, 491 n.2, ¶ 6, 154 P.3d 391, 393 n.2 (App. 2007) (recognizing that an argument is waived on appeal if the opening brief lacks citations to supporting authority).[4]

**¶13**        Father also disputes the existence of a domestic violence conviction and order of protection violation, and argues the court erred in finding the existence of domestic violence without any corroborating evidence.  We will not set aside a trial court's findings of fact unless they are clearly erroneous.  *McNutt v. McNutt*, 203 Ariz. 28, 30, ¶ 6, 49 P.3d 300, 302 (App. 2002).

**¶14**        The record does not support Father's contention.  During his deposition, Father admitted to pleading guilty to assault following an incident with Mother, taking anger management classes, and being placed in jail for violations of the order of protection.  Father also stated that he believed Mother was awarded sole legal decision-making authority because of the order of protection.  The custody evaluation likewise acknowledged the domestic violence conviction and order of protection violations.  Additionally, at the hearing, Mother testified that before and after she obtained the order of protection in 2006, Father harassed her, physically assaulted her, and threatened to harm her and members of her family.  Accordingly, substantial evidence supported the court's finding that Father had a history of domestic violence against Mother.  Moreover, the court noted in its order that even if Father had been able to rebut the presumption that an award of sole or joint legal decision-making authority to Father was contrary to Daughter's best interest, *see* A.R.S. § 25-403.03(D), the court nonetheless found that the remaining relevant statutory factors weighed in favor of Mother retaining sole legal decision-making authority.  Accordingly, we find no abuse of discretion.

---

[4]        Even if we considered Father's argument, we would find no error.  Under A.R.S. § 25-403.03 (Supp. 2013), the court must consider instances of domestic violence when determining child custody and shall consider such evidence as being contrary to the best interests of the child.  Although the significance the court places on pre-decree or post-decree instances of domestic violence is within the court's discretion, the court is not precluded from considering pre-decree acts of domestic violence when determining child custody.  *See Canty v. Canty*, 178 Ariz. 443, 448, 874 P.2d 1000, 1005 (App. 1994) (finding no error in court giving less weight to evidence of pre-decree domestic violence than it gave other statutory factors).

Consideration of Mother's "Unreasonable Behavior"

**¶15**      Father next argues that the trial court abused its discretion by ignoring Mother's "unreasonable behavior" in its consideration of the factors under A.R.S. § 25-403(A). The family court's decision indicates it specifically and thoroughly considered the relevant statutory factors and placed its findings on the record. A.R.S. § 25-403(B); *Downs v. Scheffler*, 206 Ariz. 496, 500, ¶ 16, 80 P.3d 775, 779 (App. 2003). Nevertheless, Father argues that, when considering the statutory factors, the court ignored evidence, and failed to properly evaluate the evidence. Much of Father's argument on appeal is a request for a different weighing of the evidence, which is not appropriate for appellate review. *See In re Estate of Pouser*, 193 Ariz. 574, 579, ¶ 13, 975 P.2d 704, 709 (1999); *Hurd*, 223 Ariz. at 52, ¶ 16, 219 P.3d at 262 ("Our duty on review does not include re-weighing conflicting evidence or redetermining the preponderance of the evidence."). Therefore, we decline to substitute our own analysis of the statutory factors, and do not address those factors for which Father argues only that the court should have evaluated the evidence differently. *See O'Hair v. O'Hair*, 109 Ariz. 236, 240, 508 P.2d 66, 70 (1973) ("[T]he duty of a reviewing court begins and ends with the inquiry whether the trial court had before it evidence which might reasonably support its action viewed in the light most favorable to sustaining the findings . . . .").

**¶16**      Moreover, Father's assertion that the court ignored evidence of Mother's unauthorized relocation, her misrepresentations to the court as to her reason for relocation,[5] her mental health issues, and Mother's alienation of Daughter from Father, is contrary to the record.[6] Father and

---

[5]      Father again failed to cite legal authority for his assertion that the trial court abused its discretion in failing to sanction Mother after she relocated without the court's approval. Thus, Father has waived this argument on appeal. *See* ARCAP 13(a)(6) (requiring that the opening brief contain "citations to the authorities, statutes and parts of the record relied on"). Even if Father properly argued this issue on appeal, we find no abuse of discretion. *See Woodworth v. Woodworth*, 202 Ariz. 179, 180, ¶ 2, 42 P.3d 610, 611 (App. 2002) (stating that sanctions are generally left to the sound discretion of the trial court).

[6]      For instance, the court specifically noted in its detailed minute entry order that it would consider whether Mother's moves, "from Virginia to Florida and then to Arizona and North Carolina . . . justify a modification of legal decision-making." The court also discussed inaccuracies in

Mother presented conflicting evidence on these issues, and the court was required to weigh credibility on these issues and others. *See State v. Gallagher*, 169 Ariz. 202, 203, 818 P.2d 187, 188 (App. 1991) (stating that the credibility of witnesses is for the trier of fact, not an appellate court). We will not second-guess the court's credibility determinations, but only determine whether reasonable evidence supports the superior court's decision. *Rowe v. Rowe*, 154 Ariz. 616, 620, 744 P.2d 717, 721 (App. 1987). In awarding sole legal decision-making authority to Mother, the court stated that it had "considered the evidence, including the demeanor of the witnesses, reviewed the exhibits as well as the case history, and considered the parties' arguments." Because the court made all relevant findings as required under A.R.S. § 25-403, and its findings are supported by the record, there was no error.

---

Mother's testimony regarding her reasons for relocation, as well as inconsistencies in Father's deposition and trial testimony pertaining to the amount of frequent, meaningful contact between Father and Daughter. The court ultimately concluded that both Mother and Father intentionally misled the court to cause unnecessary delay, to increase the cost of litigation, or to persuade the court to give a legal decision-making or parenting time preference to themselves. Additionally, the court thoroughly discussed the "substantial evidence presented regarding Mother's mental health," ultimately concluding that the evidence does not "suggest that Mother has any mental health issues that would significantly impair her ability to parent [Daughter]."

**CONCLUSION**

¶**17**        For the foregoing reasons, we affirm.  Both parties request an award of attorneys' fees and costs on appeal pursuant to A.R.S. § 25-324 (Supp. 2013).  In the exercise of our discretion, having considered the disparity in the parties' resources and the reasonableness of their positions on appeal, we award Mother her reasonable attorneys' fees and costs incurred on appeal, in an amount to be determined upon her compliance with Arizona Rules of Civil Appellate Procedure (ARCAP) 21.



Ruth A. Willingham · Clerk of the Court
F I L E D : gsh