750 P.2d 907

**UNITED PACIFIC INSURANCE COMPANY and L.G. Lefler, Inc., Plaintiffs/Counterdefendants/Appellants,**

v.

**COTTONWOOD PROPERTIES, INC.; Douglas Seaver & Associates, Inc.; GDE Limited Partnership; George Mehl; David Mehl; Michael Botwin; George Godin; and Jane Doe, Defendants,**

and

**La Paloma Hotel Limited Partnership, Defendant/Counterclaimant/Appellee.**

No. 2 CA–CV 87–0130.

Court of Appeals of Arizona, Division 2, Department A.

Dec. 31, 1987.

Lewis and Roca by John P. Frank, Jose A. Cardenas and Christopher J. Brelje, Phoenix, Hecker, Phillips & Hooker, P.C. by Robert J. Hooker, Tucson, for plaintiffs/counterdefendants/appellants.

W. James Harrison, P.C. by John Gabroy, and Ronald M. Lehman, Tucson, for defendant/counterclaimant/appellee.

## OPINION

HOWARD, Presiding Judge.

This is an appeal from the granting of a summary judgment. The determinative issue here is whether a mechanic's lien which has expired because there was no action filed to foreclose it within six months can be revived by the relationback doctrine of Rule 15, Rules of Civil Procedure, 16 A.R.S. The answer is no, and we affirm.

There are no factual disputes. On October 28, 1985, L. G. Lefler, Inc. (Lefler), a general contractor, and United Pacific Insurance Company (United Pacific), a surety, filed an action for declaratory relief against Westin La Paloma Hotel (La Paloma) and others arising out of the construction work which Lefler performed at La Paloma. In November 1985, Lefler filed four mechanic's liens on the hotel property. In the same month La Paloma answered and counterclaimed. Count seven of the counterclaim disputed the validity of the liens and asked that they be declared null and void. The answer to the counterclaim asserted the validity of the liens but did not seek to foreclose them.

The appellants made no attempt to foreclose the subject liens and on September 24, 1986, La Paloma filed this motion for partial summary judgment, seeking to have the liens declared invalid. In response, the appellants filed a motion for leave to amend the complaint, on or about October 14, 1986, more than 11 months after the filing of the liens. The owner of record of

**150**

the property was not a party to the original complaint or to the proposed amended complaint although the beneficial owners were named. The trial judge denied the motion to amend and granted summary judgment in favor of La Paloma.

The appellants present the following issue:

> "Does an amended complaint adding a foreclosure count relate back under Ariz. R.Civ.P. 15 to an original complaint that sets forth the very same facts and allegations, but prays for damages rather than foreclosure, when pleadings filed by the parties—all within the six-month limitations period—expressly put the validity of the liens in issue?"

The answer to the above question is no.

A.R.S. § 33–998 governs the disposition of this case:

> "A lien granted under the provisions of this article shall not continue for a longer period than six months after it is recorded, unless action is brought within such period to enforce the lien...."

While "mechanic's lien statutes are remedial and are to be liberally construed to effect their purposes," *Gene McVety, Inc. v. Don Grady Homes, Inc.*, 119 Ariz. 482, 486, 581 P.2d 1132, 1136 (1978), statutes relating to mechanic's liens "must be strictly followed in order to perfect such lien[s]." *Williams v. A.J. Bayless Markets, Inc.*, 13 Ariz.App. 348, 353, 476 P.2d 869, 874 (1970).

A.R.S. § 33–998 is not an ordinary statute of limitations affecting merely the remedy. As the Florida Appellate Court observed when considering that state's Mechanics Lien Statute, "It enters into and becomes part of the right of action itself, and if allowed to elapse without the institution of the action, such right of action becomes extinguished and is gone forever." *Regal Wood Products, Inc. v. First Wisconsin National Bank of Milwaukee*, 347 So.2d 643, 644 (Fla.App.1977); see also *Arizona Department of Water Resources v. Rail N Ranch Corp.*, 156 Ariz. 363, 752 P.2d 16 (1987); *Persky v. Puglisi*, 101 Conn. 658, 127 A. 351 (1925); *AAA Fencing Company v. Raintree Development and Ener-*

*gy Company*, 714 P.2d 289 (Utah 1986); and see *Rogers v. Smith, Kline & French Laboratories*, 5 Ariz.App. 553, 429 P.2d 4 (1967).

When the appellants moved to amend their complaint there were no liens. They were null and void and any right of action had been extinguished.

Appellees have asked for and are entitled to their attorney's fees which will be granted upon compliance with Rule 21(c), Rules of Civil Appellate Procedure, 17A A.R.S.

Affirmed.

LACAGNINA, C.J., and HATHAWAY, J., concur.