18 P.3d 155

**HCZ CONSTRUCTION, INC., Plaintiff–Appellant,**

v.

**FIRST FRANKLIN FINANCIAL CORPORATION, Defendant–Appellee.**

No. 1 CA–CV 00–0170.

Court of Appeals of Arizona, Division 1, Department D.

Feb. 8, 2001.

Fennemore Craig by Timothy Berg, David A. Weatherwax, William S. Gates, Phoenix, Attorneys for Plaintiff–Appellant.

Santin, Poli, Ball & Sims, P.L.C. by James B. Ball, Phoenix, Attorneys for Defendant–Appellee.

## OPINION

RYAN, Judge.

¶ 1 Arizona Revised Statutes Annotated ("A.R.S.") section 12–1198(A) states, in part, that a lis pendens "shall" be filed within five days of any action to foreclose on a mechanics' lien under A.R.S. section 33–998(A). In this appeal, we must decide whether the word "shall" as used in A.R.S. section 12–1198(A) is mandatory or directory. We hold

that the Legislature's use of the word "shall" in this section is mandatory. We therefore affirm the trial court's grant of summary judgment against HCZ Construction, Inc., on its attempt to foreclose a mechanics' lien because the lien expired.

## BACKGROUND

¶ 2 Ronald Hish obtained a $221,000 construction loan from First United Mortgage secured by a recorded deed of trust on residential property located in Fountain Hills, Arizona. Hish contracted with HCZ to build a home on the property. When HCZ began furnishing labor and materials, it served a preliminary twenty-day lien notice. HCZ's lien rights were subordinate to the earlier recorded deed of trust.

¶ 3 During the course of construction, Hish gave HCZ a $112,000 promissory note, which was recorded on September 13, 1996. Without HCZ's knowledge, Hish obtained a certificate of occupancy for the residence from the Town of Fountain Hills on September 16, 1996.

¶ 4 In November 1996, Hish applied for a loan from First Franklin Financial Corporation to refinance the First United loan. First Franklin approved the loan on the condition that the First United loan be paid in full with the loan proceeds. First United was paid in full and released its deed of trust against the house. As part of the closing process, HCZ released Hish's promissory note and acknowledged that First Franklin was providing a "first mortgage." However, First Franklin did not obtain an express assignment of First United's lien rights. First Franklin recorded its deed of trust on November 14, 1996.

¶ 5 On January 31, 1997, HCZ recorded a mechanics' lien against the house, and on May 14, 1997, HCZ brought an action to foreclose its lien. HCZ's complaint also sought damages for breach of contract, unjust enrichment, and fraud and misrepresentation against Hish. HCZ recorded a lis pendens against the property on August 1, 1997.

¶ 6 Although Hish answered the complaint and asserted counterclaims, he eventually stopped defending the lawsuit. By 1999 only

HCZ and First Franklin claimed an interest in the house. First Franklin claimed that its deed of trust had priority over HCZ's lien on multiple grounds, including a claim that HCZ's lien had expired because HCZ had failed to record a lis pendens within five days of filing its foreclosure suit, as prescribed by A.R.S. sections 33–998(A) and 12–1191(A). The trial court limited its analysis to this issue and concluded that HCZ's lien had expired for failure to comply with the statutory prerequisites for foreclosure. On this basis, the trial court granted summary judgment in favor of First Franklin, and HCZ appealed.

## DISCUSSION

¶ 7 In reviewing the granting of a motion for summary judgment, we consider the evidence in the light most favorable to the party opposing summary judgment. *Nestle Ice Cream Co. v. Fuller*, 186 Ariz. 521, 523, 924 P.2d 1040, 1042 (1996) (citation omitted). We must determine whether there is a genuine issue of material fact, and if not, whether the trial court correctly applied the substantive law. *Id.*

¶ 8 In 1996, the Legislature amended A.R.S. section 33–998 and added the lis pendens requirement at issue here. As amended, A.R.S. section 33–998(A) states, in relevant part, the following:

> A lien granted under the provisions of this article shall not continue for a longer period than six months after it is recorded, unless action is brought within that period to enforce the lien **and a notice of pendency of action is recorded pursuant to § 12–1191 in the office of the county recorder in the county where the property is located.**

Ariz. Sess. Laws, ch. 289, § 8 (emphasis added to amended portion). The notice requirement of A.R.S. section 12–1191(A) was likewise amended in 1996 and reads, in relevant part, as follows:

> In an action affecting title to real property, the plaintiff at the time of filing the complaint, or thereafter, and the defendant at the time of filing his pleading when affirmative relief is claimed in such pleading, or

thereafter, may file in the office of the recorder of the county in which the property is situated a notice of the pendency of the action or defense. **In any action to foreclose a mechanics' or materialmen's lien pursuant to title 33, chapter 7, article 6, the lien claimant shall file a notice of pendency of action as prescribed by § 33–998 within five days of filing the action or raising the defense.**

Ariz. Sess. Laws, ch. 289, § 2 (emphasis added to amended portion).

¶ 9 The material facts relevant to HCZ's compliance with these statutes are undisputed. Both parties acknowledge that HCZ filed its foreclosure action within six months of recording its lien. But HCZ did not file a lis pendens until more than two months after filing the foreclosure action. Nevertheless, HCZ argues that the lis pendens requirement is merely "directory"[1] and therefore demands only substantial compliance. We conclude that the lis pendens requirement is mandatory and that failure to strictly comply with its terms results in extinguishment of the lien.

¶ 10 In determining the appropriate construction of "shall" in this context, we turn to established rules of statutory construction. The primary rule of statutory construction is to find and give effect to legislative intent. *Mail Boxes v. Indus. Comm'n,* 181 Ariz. 119, 121, 888 P.2d 777, 779 (1995) (citation omitted). The best and most reliable index of a statute's meaning is its language. *Rineer v. Leonardo,* 194 Ariz. 45, 46, 977 P.2d 767, 768 (1999) (citation omitted). Words are given their ordinary meaning unless the context of the statute requires otherwise. *See* A.R.S. § 1–213 (1995); *Bustos v. W.M. Grace Dev.,* 192 Ariz. 396, 398, 966 P.2d 1000, 1002 (1997) (citation omitted).

¶ 11 The ordinary meaning of "shall" in a statute is to impose a mandatory provision. *Ins. Co. of N. Am. v. Superior Court,* 166 Ariz. 82, 85, 800 P.2d 585, 588 (1990);

*Navajo County Juv. Action No. JV–94000086,* 182 Ariz. 568, 570, 898 P.2d 517, 519 (1995); *Phoenix Newspapers, Inc. v. Superior Court,* 180 Ariz. 159, 161, 882 P.2d 1285, 1287 (1993). However, it may be deemed directory when the legislative purpose can best be carried out by such construction. *Arizona Downs v. Arizona Horsemen's Found.,* 130 Ariz. 550, 554–55, 637 P.2d 1053, 1057–58 (1981); *Dep't of Revenue v. S. Union Gas Co.,* 119 Ariz. 512, 514, 582 P.2d 158, 160 (1978) (citation omitted).

¶ 12 A well-established line of Arizona cases holds that the general purpose of the mechanics' lien statutes is to protect the rights of those who furnish labor and materials that enhance the value of another's property. *E.g., Columbia Group, Inc. v. Jackson,* 151 Ariz. 76, 79, 725 P.2d 1110, 1113 (1986) (citation omitted). These cases further hold that mechanics' lien statutes should be liberally construed to effectuate that purpose. *Id.* However, a parallel line of cases sets forth the complementary principle that statutory requirements must be strictly followed to perfect a lien. *E.g., United Pac. Ins. Co. v. Cottonwood Props., Inc.,* 156 Ariz. 149, 150, 750 P.2d 907, 908 (1987) (citation omitted).

¶ 13 Before its amendment in 1996, Arizona's lis pendens statute served two purposes: to provide notice of the pending litigation to anyone interested in the property and to prevent third persons from acquiring an interest in the property during the pendency of the litigation that would interfere with the court's ability to grant suitable and equitable relief. *Hatch Cos. Contracting, Inc. v. Arizona Bank,* 170 Ariz. 553, 556, 826 P.2d 1179, 1182 (1992) (citation omitted). HCZ argues that because First Franklin acquired its interest in the property before the commencement of the lawsuit, it does not fall within the class protected by A.R.S. section 12–1191 and should not be permitted to use the statute to attack HCZ's lien.

---

1. When "shall" is used in the directory sense, it may indicate desirability, preference, or permission. *See Arizona Downs v. Arizona Horsemen's Found.,* 130 Ariz. 550, 554, 637 P.2d 1053, 1057 (1981) (citations omitted). The essential difference between a mandatory and a directory provision is that failure to comply with a directory provision does not invalidate the proceeding to which it relates, while failure to follow a mandatory provision does. *See Dep't of Revenue v. S. Union Gas Co.,* 119 Ariz. 512, 514, 582 P.2d 158, 160 (1978) (citations omitted).

¶ 14 In support of its argument HCZ asks this court to follow a decision of the Supreme Court of Hawaii that held that "shall" in a mechanics' lien statute was directory rather than mandatory. *Jack Endo Elec., Inc. v. Lear Siegler Inc.*, 59 Haw. 612, 585 P.2d 1265 (1978). The Hawaii statute provided that a lien "shall not attach" unless certain acts occurred including serving and naming the owner of the property. *Id.* at 1268–69. The court found that the subcontractor's lien, which named and had been served only on the general contractor and lessee, was valid against those parties. *Id.* at 1270. The court concluded that the statute was intended to protect owners and could not be used by others to attack the validity of the lien as to their interest in the property. *Id.* at 1269.

¶ 15 We find *Jack Endo Electric* unpersuasive for two reasons. First, unlike the Hawaii statute, A.R.S. section 12–1191(A) uses both directory and mandatory language. ("[T]he plaintiff . . . *may* file. . . . [T]he lien claimant *shall* file . . . .") (emphasis added). As the trial judge noted, this language demonstrates that the Legislature was aware of the distinction between actions left to the discretion of lien claimants and mandatory actions required of a specific class of lien claimants. The first sentence permits, but does not require, claimants to file a lis pendens to protect their rights; the second sentence requires claimants seeking to foreclose a mechanics' lien to file a lis pendens within five days of commencing the action. When the Legislature has used both "may" and "shall" in the same paragraph of a statute, we infer that the Legislature acknowledged the difference and intended each word to carry its ordinary meaning. *In re Guardianship of Cruz*, 154 Ariz. 184, 185, 741 P.2d 317, 318 (1987) (citing 2A Sutherland, Statutory Construction § 57.11, at 665 (rev. 4th ed.1984)); *see also Forest Guardians v. Thomas*, 967 F.Supp. 1536, 1554 (D.Ariz. 1997) (citations omitted) (holding that when Congress uses both "may" and "shall," normal inference is that each one is being used in its ordinary sense, the one being permissive and the other mandatory).

¶ 16 Second, the inference that the Legislature intended "shall" to be mandatory is further supported by the "Bill Summary for SB 1300" (the bill which is the source of the present version of A.R.S. section 12–1191) prepared for the Committee on Commerce of the House of Representatives. That summary states, in part, the following: "The bill **requires** the lien claimant to file notice of a pending action (within five days) in any case to foreclose a mechanics' or materialmen's lien." (Emphasis added.)

¶ 17 We find additional support for our conclusion in a decision by the Connecticut Appellate Court in *H.G. Bass Assocs., Inc. v. Ethan Allen, Inc.*, 26 Conn.App. 426, 601 A.2d 1040 (1991). In that case, the court considered Connecticut's statute requiring that an action to foreclose a mechanics' lien be commenced and a lis pendens be recorded within a year of perfection of the lien. The lien claimant had filed a foreclosure action precisely one year after recording its lien, but did not record a lis pendens with respect to this action until eight days later. *Id.* at 1041. The claimant also commenced a second foreclosure action on the same day that the first action was filed through other counsel. *Id.* It recorded a lis pendens in connection with the second action on the same day. *Id.* Although all time limits were met in the second action, the claimant subsequently withdrew the second action and attempted to foreclose under the first action. *Id.* The court held that the withdrawal of the second action released the lis pendens, and because the lis pendens recorded in the first action was untimely, the lien had expired. The court noted that when a statute creates a right of action that did not exist at common law and fixes a time within which the right must be enforced, the time fixed is a limitation or condition attached to the right. *Id.* at 1042.

¶ 18 As in Connecticut, mechanics' liens in Arizona are statutory creations. Thus, in order to establish a right of action under the mechanics' lien statutes, HCZ was required to strictly comply with the conditions of A.R.S. section 33–998, which now incorporates portions of A.R.S. section 12–1191. These statutes are not ordinary statutes of limitations affecting the remedy, but establish the right of action itself. *United*

*Pac. Ins. Co.*, 156 Ariz. at 150, 750 P.2d at 908.

¶ 19 We conclude that the 1996 amendment established a brightline prerequisite to foreclosure actions on mechanics' liens. Thus, HCZ's failure to file a lis pendens within the time period prescribed by A.R.S. sections 33–998(A) and 12–1191(A) resulted in the extinguishment of its lien and the right of action to which it was attached.

## CONCLUSION

¶ 20 We affirm the judgment of the trial court holding that HCZ's mechanics' lien expired when it failed to timely record its lis pendens. Under A.R.S. section 33–998(B), we award attorneys' fees to First Franklin in an amount to be determined following submission of a statement of costs in accordance with Rule 21, Arizona Rules of Civil Appellate Procedure.

CONCURRING: JON W. THOMPSON, Judge, EDWARD C. VOSS, Judge.