235 P.3d 259

**SEMPRE LIMITED PARTNERSHIP, an Arizona limited partnership, Plaintiff–Appellant,**

v.

**MARICOPA COUNTY, a political subdivision of the State of Arizona, Defendant–Appellee.**

**No. 1 CA–TX 08–0008.**

Court of Appeals of Arizona, Division 1, Department T.

June 22, 2010.

Mooney Wright & Moore PLLC By Paul J. Mooney, Jim L. Wright, Paul Moore, Mesa, Attorneys for Plaintiff–Appellant.

Richard Romley, Maricopa County Attorney By Richard W. Garnett, III, Maricopa County Attorney's Office, Division of County Counsel/Civil Division, Phoenix, Attorneys for Defendant–Appellee.

## OPINION

GEMMILL, Judge.

¶ 1 Sempre Limited Partnership ("Sempre") filed an action in the Arizona Tax Court to challenge the Maricopa County Assessor's valuation of Sempre's real property. The tax court dismissed Sempre's claim for lack of subject matter jurisdiction, concluding that Sempre was required to seek administrative review pursuant to Arizona Revised Statutes ("A.R.S.") sections 42–12153 (2006) and 42–16051 (2006) before proceeding in superior court. Considering these statutes together with A.R.S. §§ 42–16201(A) (2006) and 42–15104 (2006), we hold that a taxpayer such as Sempre need not first seek administrative review before filing a direct appeal in the tax court. Concluding therefore that the tax court has jurisdiction to hear Sempre's

challenge, we reverse the dismissal of this action and remand for further proceedings.

## FACTS AND PROCEDURAL BACKGROUND

¶2 On February 9, 2007, the County mailed Sempre a notice of classification and valuation concerning its real property located in Maricopa County (Parcel No. 141–31–011B) (the "property"). The notice, applicable to the 2008 tax year, stated the County had valued the property on the basis that it was not used for agricultural purposes. To seek administrative review of the valuation, Sempre was required to file an appropriate petition on or before April 10, 2007. *See* A.R.S. § 42–16051(D) (60–day deadline after county mails notice of property valuation).

¶3 Sempre did not file a petition for administrative review of the valuation. Instead, on November 15, 2007, Sempre filed a complaint and notice of appeal directly in the tax court. The County moved to dismiss pursuant to Rules 12(b)(1) and 12(b)(6), Arizona Rules of Civil Procedure. In reliance on A.R.S. §§ 42–12153 and 42–16051, the County argued that Sempre had not exhausted its administrative remedies and did not have the right to file an appeal directly in tax court.

¶4 After briefing and oral argument, the tax court found in favor of the County and granted its motion to dismiss for lack of jurisdiction. Sempre filed a motion for reconsideration that was denied. We have jurisdiction over Sempre's appeal in accordance with A.R.S. §§ 12–170(C) (2003) and 12–2101(B), (D) (2003).

## ANALYSIS

¶5 "[T]he right to appeal from a property classification or valuation exists only by force of statute and is limited by the terms of that statute." *Maricopa County v. Superior Court*, 170 Ariz. 248, 252, 823 P.2d 696, 700 (App.1991). We apply a de novo standard when reviewing the tax court's legal, statutory, and jurisdictional rulings. *See Lyons v. State Bd. of Equalization*, 209 Ariz. 497, 499, ¶ 6, 104 P.3d 867, 869 (App.2005). Our primary task is to ascertain and give effect to the legislature's intent with respect to the several relevant statutes. *See DeVries v. State*, 221 Ariz. 201, 204, ¶ 6, 211 P.3d 1185, 1188 (App.2009). We first look to the plain language of the statutes as the most reliable indicator of their meaning. *See Nordstrom, Inc. v. Maricopa County*, 207 Ariz. 553, 556, ¶ 10, 88 P.3d 1165, 1168 (App. 2004). We interpret related statutes to harmonize their provisions. *See Morgan v. Carillon Invs., Inc.*, 207 Ariz. 547, 549, ¶ 7, 88 P.3d 1159, 1161 (App.2004), *aff'd*, 210 Ariz. 187, 109 P.3d 82 (2005); *State v. Cid*, 181 Ariz. 496, 499–500, 892 P.2d 216, 219–20 (App.1995) (stating the rule that statutes *in pari materia* are read together and harmonized to avoid rendering any word, clause, or sentence superfluous or void).

¶6 The County argued and the tax court agreed that Sempre was not entitled to file a direct appeal in tax court but must instead initially pursue administrative review in accordance with the last sentence of the 2006 version of A.R.S. § 42–12153(B):

> The owner of property or the owner's designated agent under § 42–16001 shall file a completed agricultural use application form with the county assessor before the property may be classified as being used for agricultural purposes. If the ownership of a property changes, an agricultural use application form must be filed by the new owner within sixty days after the change in ownership to maintain the agricultural use status. If the owner or the owner's agent fails to file an application form as prescribed in this subsection, the assessor shall not classify the property, on notice of valuation, as being used for agricultural purposes. *The owner or agent may appeal the classification as prescribed by chapter 16, article 2 of this title regardless of whether the owner or agent filed an application form.*

(Emphasis added.) Chapter 16, article 2 sets forth an administrative review process. *See* A.R.S. § 42–16051.

¶7 Sempre bases its right to forego administrative review in favor of a direct appeal in tax court primarily on A.R.S. § 42–16201(A):

A property owner who is dissatisfied with the valuation or classification of the property as determined by the county assessor *may appeal directly to the court* as provided by this article on or before December 15 *regardless of whether the person has exhausted the administrative remedies under this chapter* ...

(Emphasis added.) Further support for Sempre's position may be found in A.R.S. § 42–15104:

A person who is not satisfied with the valuation or classification of the person's property determined by the assessor may:

1. Petition the assessor for review pursuant to chapter 16, article 2 of this title.

2. *Appeal to tax court pursuant to § 42–16201.*

(Emphasis added.)

¶ 8 For the reasons that follow, we conclude that the tax court erred in dismissing Sempre's complaint for lack of jurisdiction because §§ 42–16201(A) and 42–15104 authorize Sempre's filing of a direct appeal in tax court.

¶ 9 We first observe that §§ 42–16201(A) and 42–15104 plainly and unequivocally authorize a taxpayer dissatisfied with the assessor's valuation or classification of property to appeal directly to the tax court. Moreover, § 42–16201(A) rejects the necessity of pursuing administrative review pursuant to A.R.S. § 42–16051 by expressly authorizing direct appeals "regardless of whether the person has exhausted the administrative remedies under this chapter." Also, we are not persuaded that the last sentence of § 42–12153(B) *requires* exhaustion of administrative remedies before a taxpayer may pursue a judicial appeal.

¶ 10 The legislature's use of the word "may" in the last sentence of § 42–12153(B) creates an ambiguity because "may" is capable of conveying either a mandatory or permissive requirement. *See Frye v. S. Phoenix Volunteer Fire Co.*, 71 Ariz. 163, 167, 224 P.2d 651, 654 (1950) (explaining that the meaning of "may" as mandatory or permissive depends on legislative intent). Although a "may" provision normally is interpreted as permissive, *In re Maricopa County Superior Court No. MH2003–000240*, 206 Ariz. 367, 369, ¶ 7, 78 P.3d 1088, 1090 (App.2003), this court has previously determined that the use of "may" in describing administrative review processes does not necessarily render the procedures permissive. *See, e.g., Mullenaux v. Graham County*, 207 Ariz. 1, 5, ¶ 14, 82 P.3d 362, 366 (App.2004); *Hamilton v. State*, 186 Ariz. 590, 593–94, 925 P.2d 731, 734–35 (App.1996); *Estate of Bohn v. Waddell*, 174 Ariz. 239, 248–50, 848 P.2d 324, 333–35 (App. 1992). To properly interpret "may" in the last sentence of § 42–12153(B), we must examine the language of this section as well as the provisions of related statutes.

¶ 11 We resolve the ambiguity in the last sentence of § 42–12153(B) by interpreting "may" as permissive, not mandatory, because "[w]hen the Legislature has used both 'may' and 'shall' in the same paragraph of a statute, we infer that the Legislature acknowledged the difference and intended each word to carry its ordinary meaning." *See HCZ Constr., Inc. v. First Franklin Fin. Corp.*, 199 Ariz. 361, 365, ¶ 15, 18 P.3d 155, 159 (App.2001). The legislature in § 42–12153(B) used "shall" twice and "must" once, evidencing mandatory intent. We may therefore infer that in providing in the same statute that an aggrieved taxpayer "may" seek administrative review, the legislature intended "may" in its usual, permissive form.

¶ 12 Additionally, all three of these statutes were enacted in 1997 as part of a comprehensive overhaul of our property tax statutes. *See* Laws 1997, Ch. 150, § 172, eff. Jan. 1, 1999. When interpreting multiple statutory sections that were enacted simultaneously, "the duty to harmonize them is particularly acute." *U.S. West Communications, Inc. v. Hamilton*, 224 F.3d 1049, 1053 (9th Cir.2000) (citing *Erlenbaugh v. United States*, 409 U.S. 239, 244, 93 S.Ct. 477, 34 L.Ed.2d 446 (1972)). This simultaneous enactment diminishes the possibility that the legislature intended § 42–12153(B) to override—without expressly so stating—the plain language of §§ 42–16201(A) and 42–15104. Also, § 42–12153(B) does not provide that administrative review "shall" or "must" be undertaken before seeking judicial review. The doctrine requiring exhaustion of admin-

istrative remedies does not apply when the statutory language authorizes a permissive administrative remedy. *Univar Corp. v. City of Phoenix*, 122 Ariz. 220, 224, 594 P.2d 86, 90 (1979); *Campbell v. Chatwin*, 102 Ariz. 251, 257, 428 P.2d 108, 114 (1967).

¶ 13 The County argues that § 42–12153(B) addresses specifically a taxpayer's appeal rights when no agricultural use application has been filed and the assessor has not classified the property for agricultural use. The County further argues that §§ 42–16201(A) and 42–15104 are general statutes that are not applicable in the face of a specific statute such as § 42–12153(B). Sempre disagrees, pointing out that §§ 42–16201(A) and 42–15104 address specifically a taxpayer's optional remedies of administrative or judicial review. We agree that a specific provision will usually prevail over a conflicting general provision. *State v. Jackson*, 210 Ariz. 466, 472, ¶ 26, 113 P.3d 112, 118 (App. 2005). We need not decide, however, whether § 42–12153(B) is more specific for these purposes than §§ 42–16201(A) and 42–15104 because this interpretive principle "applies only when there is a conflict between the specific and the general law." *See State v. Davis*, 119 Ariz. 529, 534, 582 P.2d 175, 180 (1978). When these three statutes are read together and harmonized, *see supra* ¶¶ 9–12, there is no conflict between them that would permit application of the "specific prevails over the general" principle.

¶ 14 The County further contends our interpretation effectively eliminates the last sentence of § 42–12153(B) from the statute because the right of a taxpayer to pursue administrative review in accordance with A.R.S. § 42–16051 is already provided by §§ 42–16201(A) and 42–15104. But the last sentence of § 42–12153(B) does more than merely provide that the aggrieved taxpayer "may" seek administrative review—it also establishes that a taxpayer *who has not filed a completed agricultural use application form* may do so. Therefore, the sentence is not rendered meaningless or superfluous by our interpretation.

¶ 15 The County also argues that a 2007 amendment to § 42–12153(B), which added language specifying a right to appeal directly

in tax court, reveals that the prior version of § 42–12153(B) should be understood to mean that Sempre must have exhausted its administrative remedy before seeking judicial review. We disagree with the County because we conclude that the 2007 amendment was a clarification, not a change in the law.

¶ 16 The 2007 amendment to § 42–12153(B) added the phrase "or 5" to the last sentence: "The owner or agent may appeal the classification as prescribed by chapter 16, article 2 *or 5* of this title regardless of whether the owner or agent filed an application form." (Emphasis added.) Under this revised language, a taxpayer may appeal a classification in accordance with either § 42–16051 (from chapter 16, article 2) or § 42–16201 (from chapter 16, article 5).

¶ 17 We usually presume that an amendment changes the meaning of an existing statute. *McCloe v. Utah Home Fire Ins. Co.*, 121 Ariz. 402, 403, 590 P.2d 941, 942 (App.1978). This presumption does not apply, however, if the original statute was ambiguous. *State v. Sweet*, 143 Ariz. 266, 269, 693 P.2d 921, 924 (1985); *Arizona Found. for Neurology and Psychiatry v. Sienerth*, 13 Ariz.App. 472, 476, 477 P.2d 758, 762 (1970). Here, the last sentence of the prior version of § 42–12153(B) was ambiguous because "may" could be understood as either permissive or mandatory. *See supra* ¶ 10. Accordingly, the usual presumption that an amendment changes the meaning of a statute is not applicable to the 2007 amendment.

¶ 18 The 2007 amendment clarifies that the last sentence of § 42–12153(B) means what we have now concluded it already meant, after harmonizing and construing the statutes. *See supra* ¶¶ 9–13. *See City of Mesa v. Killingsworth*, 96 Ariz. 290, 297, 394 P.2d 410, 414 (1964) ("The legislature has now clearly expressed its intention consistent with the construction which we believe should be placed on the former statutes. An amendment which, in effect, construes and clarifies a prior statute will be accepted as the legislative declaration of the original act.").

¶ 19 The County further contends, however, that persuasive legislative history compels a contrary conclusion. Specifically, the

County references the following legislative summary regarding the 2007 amendment to § 42–12153(B):

> Current law allows a property owner who is dissatisfied with their property valuation or classification to appeal the assessor's determination through an administrative appeals process. Property owners also have the option to bypass the administrative appeals process and file an appeal directly to court on or before December 15. *However, the option to appeal directly to court does not currently apply to the determination of whether a property qualifies for the agricultural classification.* Agricultural properties are classified as class 2 with a 16 per cent assessment ratio. They also have a special valuation method. *This bill will allow property owners to appeal the assessor's determination directly to court, similar to other property valuation and classification disputes.*

Ariz. House of Representatives, Summary of S.B. 1553, 48th Leg., 1st Reg. Sess., at 1 (April 16, 2007) (emphasis added). The unidentified author (or authors) of this summary of Senate Bill 1553 evidently believed that a taxpayer such as Sempre was required to seek administrative review and could not file a direct appeal in tax court.

¶ 20 In *Hayes v. Cont'l Ins. Co.*, 178 Ariz. 264, 270, 872 P.2d 668, 674 (1994), our supreme court cautioned that "the best policy is *not to consider nonlegislators' statements* to determine the legislature's intent concerning the specific application of a proposed statute, unless the circumstances provide sufficient guarantees that the statements reflect legislators' views." (Emphasis added.) We find no such guarantees here. We cannot discern from this summary its author or authors nor the source of the belief that direct appeals from the denial of agricultural classification were not allowed. As already noted, the prior version of § 42–12153(B) is ambiguous and requires interpretation. It may be that

the 2007 amendment was offered because counties were taking the position—as the County did here—that the administrative remedy must be exhausted before a taxpayer may appeal in superior court.

¶ 21 Even if we assume that the summary description constituted the understanding and intent of at least some individual legislators, we cannot assume that the summary represents the intent of the entire collection of legislators who voted in favor of the bill. *See United States v. Trans–Missouri Freight Ass'n.*, 166 U.S. 290, 318–19, 17 S.Ct. 540, 41 L.Ed. 1007 (1897) ("[I]t is impossible to determine with certainty what construction was put upon an act by the members of a legislative body that passed it by resorting to the speeches of individual members thereof. Those who did not speak may not have agreed with those who did, and those who spoke might differ from each other; the result being that the only proper way to construe a legislative act is from the language used in the act, and, upon occasion, by a resort to the history of the times when it was passed."); Reed Dickerson, *Statutory Interpretation: Dipping into Legislative History*, 11 HOFSTRA L. REV. 1125, 1130 (1983) ("In general, little legislative history is helpfully relevant. Much of it is unreliable or unreliably revealed.").[1]

¶ 22 Finally, we note that the bill enacting the 2007 amendment to § 42–12153(B) did not contain a purpose clause or statement of intent. For these reasons, the proffered summary of the bill does not persuade us that the amendment was a change in the law rather than a clarification.

### CONCLUSION

¶ 23 The Arizona Tax Court erred when it concluded that it lacked jurisdiction over Sempre's direct appeal and dismissed Sempre's complaint. We therefore reverse and remand for further proceedings.[2]

---

1. Additionally, "[t]he rule is clearly established in Arizona that one member of a legislature which passes a law is not competent to testify regarding the intent of the legislature in passing that law." *Golder v. Dep't of Revenue*, 123 Ariz. 260, 265, 599 P.2d 216, 221 (1979). *See also Tucson Gas & Elec. Co. v. Schantz*, 5 Ariz.App. 511, 514, 428 P.2d 686, 689 (1967) ("[T]he testimony or opinions of individual members of the legislative body are not admissible.").

2. Our determination is limited to the question of jurisdiction. We express no opinion regarding the merits of Sempre's appeal.

¶ 24 Sempre has requested an award of attorneys' fees pursuant to A.R.S. § 12–348(B) (2003), which authorizes an award of fees to a party that "prevails by an adjudication on the merits" in an action against a county. Sempre has not yet prevailed, however, on the merits. We therefore deny Sempre's request for an award of fees at this time. As the prevailing party on appeal, Sempre is entitled to recover its taxable costs upon compliance with Arizona Rule of Civil Appellate Procedure 21(a).

CONCURRING: PETER B. SWANN, Presiding Judge and DIANE M. JOHNSEN, Judge.