263 P.3d 66

**BURLINGAME INDUSTRIES, INC., a corporation dba Eagle Roofing Products–Southwest, Plaintiff/Appellant,**

v.

**MARICOPA COUNTY, Defendant/Appellee.**

**No. 1 CA–TX 10–0003.**

Court of Appeals of Arizona, Division 1, Department T.

Aug. 23, 2011.

Mooney, Wright & Moore, PLLC by Paul J. Mooney and Jim L. Wright, Mesa, Attorneys for Plaintiff/Appellant.

Helm & Kyle, Ltd. by Roberta S. Livesay and Sally Worthington, Tempe, Attorneys for Defendant/Appellee.

**OPINION**

SWANN, Judge.

¶ 1 After a miscommunication with the Maricopa County Assessor, Burlingame Industries ("Plaintiff") appealed a personal property valuation to the tax court. Because Plaintiff had not first appealed the valuation to a state or county board of equalization, the tax court dismissed Plaintiff's appeal for lack of subject matter jurisdiction. We hold that A.R.S. §§ 42–15104(2) and –16201 establish a direct right to appeal a personal property

valuation to the tax court, and that these provisions offer an alternative to the statutes that provide for administrative review. Because we conclude that judicial review in these circumstances is not predicated on exhaustion of administrative remedies, we reverse and remand for further proceedings.

*FACTS AND PROCEDURAL HISTORY*

¶2 On September 3, 2008, Plaintiff petitioned the Assessor for a review of the valuation of Plaintiff's personal property, contending that the $8,668,786 valuation should instead be $2,600,636. Plaintiff's agent and the Assessor met by telephone on September 22, and the Assessor informed Plaintiff's agent that the valuation would not be altered. The Assessor claims to have mailed his decision to Plaintiff on September 23. Plaintiff claims never to have received that mailing, and did not learn that the Assessor's decision had been mailed out until October 23—well after the 20 days allowed for an administrative appeal under A.R.S. §§ 42–19052, –16101 through –16111, and –16151 through –16169. Plaintiff requested that the Assessor reissue the decision so that Plaintiff could file a timely appeal to the State Board of Equalization. When the Assessor did not respond, Plaintiff commenced this action in tax court on December 12, 2008.

¶3 Maricopa County ("Defendant") moved to dismiss the valuation appeal with prejudice, contending that under A.R.S. § 42–19052 the court had no jurisdiction to hear a personal property valuation appeal except from a decision by a state or county board of equalization. After briefing and oral argument, the tax court granted the motion in a detailed minute entry on March 31, 2010, and entered a signed judgment on June 17, 2010.[1] Plaintiff timely appeals.

*DISCUSSION*

¶4 The issue on appeal is whether a personal property valuation that has been affirmed on review by the assessor can be appealed directly to the tax court. The tax court's jurisdiction is a matter of statute that we review de novo. *Sempre,* 225 Ariz. at 108, ¶5, 235 P.3d at 261. In interpreting statutes, we seek to ascertain and give effect to the legislature's intent—looking to the plain language of the statutes as the most reliable guide—and to harmonize related statutory provisions without rendering any portion superfluous. *Id.*

I. *TITLE 42 CREATES ALTERNATIVE RIGHTS OF APPEAL AND PROCEDURES FOR THEIR EXERCISE, INCLUDING THE DIRECT APPEAL OF THE ASSESSOR'S VALUATIONS TO THE TAX COURT.*

¶5 The right to appeal a property valuation exists only when and to the extent authorized by statute. *Sempre,* 225 Ariz. at 108, ¶5, 235 P.3d at 261. The pertinent statutes are found in A.R.S. Title 42. The right to appeal from a valuation by the assessor is established by § 42–15104. The right to appeal subsequent administrative decisions to the tax court is established in Title 42, Chapter 16, titled "Property Tax Appeals and Review," and Chapter 19, Article 2, titled "Personal Property Tax Appeals."

¶6 Title 42 also establishes a set of procedural requirements for appeals of administrative valuations to the tax court: "Any taxpayer who is dissatisfied with the valuation or classification of the taxpayer's property may appeal to court *only in the time and manner prescribed in chapter 16 of this title.*" A.R.S. § 42–11005(D) (emphasis added). Whether the taxpayer seeks judicial review of an administrative valuation under Chapter 14, 15, 16 or 19, the time and manner of the appeal must conform to the requirements set forth in Chapter 16. *See* A.R.S. §§ 42–14005, –15104, –16056, –16111, –16168 and –19052(B) (requiring that judicial appeals be made "pursuant to," "as

---

1. We note that the trial court ruled shortly before we issued our opinion on June 22, 2010, in *Sempre Ltd. P'ship v. Maricopa Cnty.,* 225 Ariz. 106, 235 P.3d 259 (App.2010). In *Sempre* we interpreted A.R.S. § 42–15104(2) as creating a

right to judicial appeal of a real property valuation even absent an administrative appeal. *Id.* at 109, ¶9, 235 P.3d at 262. Here we apply § 42–15104 to personal property valuations.

provided by," or "as prescribed" by Chapter 16).

## II. A.R.S. § 42–16201 PROVIDES A RIGHT TO APPEAL THE ASSESSOR'S VALUATION OF PERSONAL PROPERTY DIRECTLY TO THE TAX COURT.

■ ¶ 7 A.R.S. § 42–16201(A) provides:

A property owner who is dissatisfied with the valuation or classification of the property as determined by the county assessor *may appeal directly to the court* as provided by this article on or before December 15 *regardless of whether the person has exhausted the administrative remedies under this chapter,* except as provided in subsection B of this section.

(Emphasis added.) This language is clear on its face-despite the paths to administrative review available to taxpayers, those who meet the requirements of § 42–16201 may proceed directly to the tax court.

¶ 8 In *Sempre* we held that A.R.S. §§ 42–16201 and –15104 permitted an appeal directly to the tax court of a valuation of real property without exhaustion of administrative remedies. 225 Ariz. at 109, ¶ 8, 235 P.3d at 262. There, as in this case, we concluded that the provisions allowing for administrative appeals provided alternative remedies, not prerequisites to judicial review.

¶ 9 *Sempre* arose in the context of a real property valuation. But Chapters 15 and 16 of Title 42 apply to personal as well as real property. *See, e.g.,* A.R.S. §§ 42–15053 (requiring reporting of taxable personal property); –15059 and –15060 (establishing liability and a presumption of ownership for personal property); –15152(B) (requiring inclusion of taxable personal property on the tax rolls); –16251 (defining assessor errors to include mistakes relating to real and personal property). And nothing in §§ 42–15104 or –16201 limits to any specific type of property the right to direct appeal to the tax court. Absent any restriction of the right to direct appeal, we conclude that these statutes—and the reasoning of *Sempre*—apply equally to challenged valuations of real and personal property.

## III. THE RIGHT TO APPEAL A PERSONAL PROPERTY VALUATION TO THE TAX COURT UNDER A.R.S. § 42–15104(2) IS NOT LIMITED BY § 42–16157(D).

■ ¶ 10 The Assessor contends that A.R.S. § 42–16157(D) eliminates any right of appeal under § 42–15104(2).

¶ 11 Section 42–16157(D) reads:

A property owner whose petition is denied, in whole or in part, pursuant to § 42–19051 may only appeal the valuation or legal classification to the state board as provided in subsection A of this section within twenty days after the date of the assessor's notice of refusal or decision.

Defendant reads this language as extinguishing all other rights of appeal of a personal property valuation once a taxpayer has petitioned the assessor for review. We reject this interpretation.

¶ 12 A.R.S. § 42–16157(D) must be read in the context of the statutory scheme of which it is a part. First, § 42–19052 provides that a person dissatisfied with the result of a petition to the assessor under –19051 "may appeal" to the state *or county* board of equalization, and then to the court if the administrative process does not satisfy the taxpayer. There is nothing in the language of –19051 to suggest that the term "may appeal" should be read to mean "may only appeal," and we therefore interpret the section as creating a nonexclusive avenue to administrative review. *Compare Sempre,* 235 P.3d at 263. Section 42–16157(D) further defines the procedure for administrative review by providing that personal property valuation appeals made to the *state* board "pursuant to § 42–19051" are made "as provided in subsection A of this section," but "may only" be made "within 20 days" of the assessor's notice, instead of within the more generous 25 days that subsection A allows for real property appeals. That section contains no mention of the county boards or the tax court. We therefore conclude that the restrictive term "only" in –16157(D) limits the time for appeals to the state board—not the taxpayer's right to proceed to the county board or the tax court.

## CONCLUSION

¶ 13 Because we hold that the tax court erred in concluding that Plaintiff was required to exhaust its administrative appeals before pursuing a judicial appeal, we vacate the judgment of the tax court and remand for further proceedings, including a determination whether Plaintiff's appeal was timely under A.R.S. § 42–16201. Plaintiff has requested attorney's fees pursuant to A.R.S. § 12–348 "at such time as it prevails. on the merits." Such an award is premature at this time. *Sempre*, 225 Ariz. at 112, ¶ 24, 235 P.3d at 265. Plaintiff is entitled to recover its taxable costs upon compliance with ARCAP 21(a).

CONCURRING: PATRICIA K. NORRIS and DIANE M. JOHNSEN, Judges.