NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

RISAS HOLDINGS LLC, et al., *Plaintiffs/Appellees*,

*v.*

BRANDON TACKETT, et al., *Defendants/Appellants*.

No. 1 CA-CV 20-0150

FILED 12-1-2020

Appeal from the Superior Court in Maricopa County
No. CV2016-001841
The Honorable Christopher T. Whitten, Judge

**AFFIRMED**

COUNSEL

Osborn Maledon, P.A., Phoenix
By Scott W. Rodgers, Kristin L. Windtberg, Eric M. Fraser
*Counsel for Plaintiffs/Appellees*

Galbut Beabeau, P.C., Scottsdale
By Olivier A. Beabeau, Keith R. Galbut, Grant H. Frazier
*Counsel for Defendants/Appellants*

---

## MEMORANDUM DECISION

Acting Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Chief Judge Peter B. Swann and Judge Maurice Portley[1] joined.

---

**W I N T H R O P**, Judge:

**¶1** Brandon and Catherine Tackett ("the Tacketts") appeal the superior court's denial of attorneys' fees and costs following resolution of multi-count litigation with Risas Dental Management, LLC, and Risas Holdings, LLC (collectively, "Risas"). The Tacketts argue the trial court erred in denying their request for attorneys' fees and costs based on a contractual agreement between the parties and based on Arizona Revised Statutes ("A.R.S.") sections 12-341, -341.01. The Tacketts also contend the court erred in failing to grant attorneys' fees for defending a trade secret claim pursuant to A.R.S. § 44-404(3). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2** Risas Holdings, LLC, owns and manages Risas Dental Management, LLC, which operates dental offices in Arizona and Colorado. Risas hired Brandon Tackett ("Tackett") as a support center director in 2013, and he transitioned into the role of marketing director in early 2015.

**¶3** In connection with his employment, Tackett signed an Employee Confidentiality and Non-Solicitation Agreement (the "Confidentiality Agreement"). The Confidentiality Agreement prohibited Tackett from disclosing or using certain confidential company information or trade secrets during and after his employment with Risas. It also restricted Tackett's ability to solicit Risas' employees for two years after Tackett ended his employment with Risas. In addition, Tackett signed a Stock Participation Agreement, which included additional confidentiality provisions (the "Participant Agreement").

---

[1] The Honorable Maurice Portley, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article 6, Section 3, of the Arizona Constitution.

**¶4**          Tackett gave Risas notice of his resignation in early 2016.  A few weeks later, Tackett formed Somos Dental, LLC, and Somos Dental Services, LLC, (collectively, "Somos") to provide dental management and consulting services.

**¶5**          Risas subsequently filed suit against Tackett, seeking monetary damages and a temporary restraining order, as well as preliminary and permanent injunctions, to prevent Tackett from competing with Risas or using Risas' confidential information and intellectual property.  An amended complaint later joined Tackett's wife, Catherine, and Somos as defendants (collectively, the "Defendants").  The amended complaint alleged seven counts against the Tacketts and/or Somos: (1) Breach of the Confidentiality Agreement; (2) Violation of Arizona's Uniform Trade Secrets Act; (3) Breach of Fiduciary Duty; (4) Preliminary and Permanent Injunction; (5) Unfair Competition; (6) Aiding and Abetting; and (7) Breach of the Participant Agreement.

**¶6**          In May 2016, the parties entered a Consent Decree enjoining Tackett from using Risas' confidential information for five years from the date of his termination and from soliciting any of Risas' employees for two years from his termination.  Although limited in scope, entry of this decree provided Risas the core relief it sought in Count 4 of its complaint.  The court subsequently granted Defendants' motion for summary judgment on all remaining counts of Risas' complaint, except for Count 3, the claim for Breach of Fiduciary Duty.  The parties later stipulated to a monetary judgment of $80,601.43 in favor of Risas to resolve the fiduciary duty claim.

**¶7**          Defendants filed an application for attorneys' fees and costs and Risas filed an application for costs.  After reviewing the parties' memoranda, the court denied Defendants' request for fees and costs, and awarded Risas its costs in the amount of $12,170.85.  The court reasoned that, based on the totality of the litigation, Risas was the prevailing party because it obtained the injunctive relief it sought and obtained "the only money that changed hands."

**¶8**          Defendants filed a motion for reconsideration on the issue of costs and fees, which the court denied.  The court entered final judgment on the matter, affirming the injunctive relief covered by the Consent Decree, entering judgment for $80,601.43 in favor of Risas on the fiduciary duty claim, entering judgment for Defendants on the remaining counts, and awarding Risas its taxable costs.

**¶9** The Tacketts timely appealed the final judgment to this Court. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

**ANALYSIS**

*I. Attorneys' Fees and Costs Pursuant to the Confidentiality Agreement and A.R.S. §§ 12-341, -341.01*

**¶10** The Confidentiality Agreement mandates that if "any action at law or in equity is necessary to enforce or interpret the terms of this Agreement, the prevailing party will be entitled to reasonable attorneys' fees, costs, and necessary disbursements." Similarly, A.R.S. § 12-341.01 provides that "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." Also, "[t]he successful party to a civil action shall recover from his adversary all costs expended or incurred therein." A.R.S. § 12-341.

**¶11** The Tacketts contend that because they obtained summary judgment on every claim seeking enforcement of the Confidentiality Agreement, they are entitled to attorneys' fees and costs for litigation of those contract-related claims through the summary judgment phase pursuant to the attorneys' fees clause in the Confidentiality Agreement and A.R.S. §§ 12-341, -341.01. They argue the trial court had no reasonable basis to conclude Risas was the "prevailing party" under the contract because Risas only secured a favorable judgment on the fiduciary duty claim, which is a tort claim that did not depend on or arise out of the Confidentiality Agreement.

**¶12** We review *de novo* the application and interpretation of a contractual provision for attorneys' fees and costs. *Murphy Farrell Dev., LLLP v. Sourant*, 229 Ariz. 124, 133, ¶ 31 (App. 2012). We also review *de novo* the application and interpretation of A.R.S. § 12-341.01. *Modular Mining Sys., Inc. v. Jigsaw Tech., Inc.*, 221 Ariz. 515, 521, ¶ 21 (App. 2009).

**¶13** The trial court has discretion whether to award attorneys' fees under A.R.S. § 12-341.01; but, "[u]nlike fees awarded under A.R.S. § 12-341.01(A), the court lacks discretion to refuse to award fees under [a] contractual provision." *McDowell Mountain Ranch Cmty. Ass'n, Inc. v. Simons*, 216 Ariz. 266, 269, ¶ 14 (App. 2007) (internal quotations omitted); *accord Bennett v. Appaloosa Horse Club*, 201 Ariz. 372, 378, ¶ 26 (App. 2001) ("The awarding of attorneys' fees to a prevailing party pursuant to a contract between the parties is mandatory.").

**¶14**        But whether pursuant to A.R.S. § 12-341.01 or an attorneys' fees clause in a contract, the determination of which party is the "successful" or "prevailing" party for the purposes of awarding attorneys' fees remains within the discretion of the trial court and will not be disturbed on appeal if any reasonable basis for it exists. *See Sanborn v. Brooker & Wake Prop. Mgmt., Inc.*, 178 Ariz. 425, 430 (App. 1994); *Bobrow v. Bobrow*, 241 Ariz. 592, 598, ¶ 25 (App. 2017); *see also Assyia v. State Farm Mut. Auto. Ins. Co.*, 229 Ariz. 216, 223, ¶ 32 (App. 2012) (noting the superior court has "substantial discretion" in determining who is the successful party for the purposes of costs). Accordingly, we need only consider whether any reasonable basis exists for the court's determination that Risas was the prevailing party.

**¶15**        Looking at the totality of the litigation, including the outcomes of the claims arising out of the Confidentiality Agreement, we cannot say the superior court abused its discretion. Although the court's April 17, 2018 minute entry granted Defendants' motion for summary judgment on all counts except Count 3 (Breach of Fiduciary Duty), the court's final judgment correctly notes Count 4 was resolved by the Consent Decree entered prior to the summary judgment ruling. The basis for the Consent Decree was the Confidentiality Agreement and the decree granted Risas injunctive relief according to the scope of the Confidentiality Agreement with regard to the use of confidential information and solicitation of employees. Prior case law makes clear that in determining who is the "prevailing party" for the purposes of fees, "court-ordered consent decrees create the material alteration of the legal relationship of the parties necessary to permit an award of attorney's fees." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 604 (2001) (internal quotations omitted). This is true even if the consent decree does not include an admission of liability. *Id.* Moreover, a claim need not be adjudicated on the merits to warrant an award of fees. *Fulton Homes Corp. v. BBP Concrete*, 214 Ariz. 566, 572, ¶ 24 (App. 2007).

**¶16**        The superior court's later grant of summary judgment does not negate the enforceable injunctive relief Risas sought in its amended complaint and obtained through the Consent Decree.[2] Similarly, the

---

2        The Tacketts assert that the Consent Decree was no more than an "ephemeral" "initial victory" that was insufficient to make Risas the "prevailing party," citing *Sole v. Wyner*, 551 U.S. 74, 86 (2007) ("[A] plaintiff who gains a preliminary injunction does not qualify for an award of counsel fees under § 1988(b) if the merits of the case are ultimately decided against

injunctive relief obtained by Risas is not made meaningless by the fact that Risas continued to seek more expansive injunctive relief after entering the Consent Decree. *See Lee v. ING Inv. Mgmt., LLC*, 240 Ariz. 158, 161, ¶ 10 (App. 2016) ("Partial success does not preclude a party from 'prevailing' and receiving a discretionary award of attorneys' fees; the superior court may find that a party is the successful party even when the recovery it obtains is significantly reduced." (internal quotations omitted)). As such, there was a reasonable basis for the court to determine Risas was the prevailing party for the purposes of defeating Defendants' claim for attorneys' fees and costs and awarding Risas its taxable costs. Accordingly, the court did not abuse its discretion.

> ## II. Attorneys' Fees Pursuant to A.R.S. § 44-404(3)

¶17 With respect to Count 2, the trade secrets claim, A.R.S. § 44-404 provides an attorneys' fee award is permissible under the following circumstances:

> The court may award reasonable attorney fees to the prevailing party for any of the following:
>
> 1. A claim of misappropriation made in bad faith.
>
> 2. A motion to terminate an injunction made or resisted in bad faith.
>
> 3. Willful and malicious appropriation.

¶18 The Tacketts argue they should have been granted attorneys' fees pursuant to A.R.S. § 44-404(3) because they successfully defended against Risas' trade secrets claim, which alleged Tackett had committed "willful and malicious appropriation." In opposing that argument, Risas contends § 44-404(3) does not apply to a defendant seeking fees, arguing instead that *only a plaintiff* who prevails on a claim of willful and malicious misappropriation may recover fees under the subsection.

¶19 We review *de novo* the application and interpretation of A.R.S. § 44-404. *See Sedona Grand, LLC v. City of Sedona*, 229 Ariz. 37, 40, ¶ 8 (App. 2012). To date, no Arizona state court case has explicitly addressed whether

---

her."). Yet Risas obtained more than an "initial victory" of a preliminary injunction; rather, it obtained an enforceable permanent injunction for the full period of time applicable under the Confidentiality Agreement.

a defendant who successfully defends a claim of willful and malicious appropriation of a trade secret can recover fees under § 44-404(3). But the language of the statute allowing an award of fees "to the *prevailing party* for any of the following . . ." leads us to agree with the Tacketts' interpretation that a party who successfully defends against a claim of willful and malicious appropriation is the prevailing party for the purposes of the court considering an award of attorneys' fees pursuant to § 44-404(3). (Emphasis added); *see Sempre Ltd. P'ship v. Maricopa Cnty.*, 225 Ariz. 106, 108, ¶ 5 (App. 2010) ("We first look to the plain language of the statutes as the most reliable indicator of their meaning.").

**¶20** This interpretation is consistent with our application and interpretation of other permissive statutory fee provisions. For example, A.R.S. § 12-341.01 allows an award of attorneys' fees to the successful party in an action "arising out of a contract." But under that statute, attorneys' fees may be awarded to the "successful party" who proves the *absence* of the contract sued upon by the opposing party. *See Rudinsky v. Harris*, 231 Ariz. 95, 101, ¶ 27 (App. 2012) ("Even when a contract is alleged by a plaintiff and the defendant successfully proves that there was no contract, the action is considered to have arisen out of contract for purposes of A.R.S. § 12-341.01."); *Nolan v. Starlight Pines Homeowners Ass'n*, 216 Ariz. 482, 490, ¶ 36 (App. 2007) ("[A] court may award fees to a defendant [pursuant to A.R.S. § 12-341.01] if the defendant prevails on the basis that there is no contract or there has been no breach of the contract."); *Rogus v. Lords*, 166 Ariz. 600, 604 (App. 1991) ("[A] prevailing party is entitled to its fees under § 12-341.01 when sued on a contract even if the judgment is based on the absence of any contract.").

**¶21** Although a party who successfully defends a trade secret claim for willful and malicious appropriation may qualify for an award of fees pursuant to A.R.S. § 44-404(3), we reiterate that the decision to award fees under a permissive fees statute, as well as the amount of any fees awarded, is discretionary with the court. *See Hall v. Read Dev., Inc.*, 229 Ariz. 277, 279, ¶¶ 7-8 (App. 2012). Here, the trial court considered the Tacketts' arguments regarding fees pursuant to A.R.S. § 44-404(3) in both Defendants' original application for attorneys' fees and Defendants' motion for reconsideration. As is proper in cases involving multiple claims and varied success, the superior court employed a "totality of the litigation" analysis and considered the outcome of all claims in making its

determination of fees and costs.[3] *See Berry v. 352 E. Va., L.L.C.*, 228 Ariz. 9, 13-14, ¶¶ 22-23 (App. 2011). We find no abuse of discretion in the trial court's conclusion that the balance of success rested with Risas, nor with the court's resulting denial of Defendants' request for an award of attorneys' fees and costs.

## CONCLUSION

**¶22** For the foregoing reasons, we affirm both the superior court's grant of costs to Risas in the amount of $12,170.85 and the court's denial of attorneys' fees and costs to the Defendants. We deny the Tacketts' request for attorneys' fees on appeal.



AMY M. WOOD • Clerk of the Court
FILED: AA

---

[3] The Tacketts argue that the monetary award to Risas should not have been considered under the "totality of the litigation" analysis because, as a tort claim not arising out of the contract, the breach of fiduciary duty claim was not eligible for an award of fees. Although determining which claims are fee-eligible is necessary to assess the *amount* of fees available to a prevailing party, the court need not consider only fee-eligible claims when evaluating which party prevailed in the "totality of the litigation" for the purposes of an award of attorneys' fees. *See Ariz. Biltmore Hotel Villas Condos. Ass'n v. Conlon Grp. Ariz., LLC*, 249 Ariz. 326, 334, ¶ 40 (App. 2020) (accepting a "totality of the litigation" analysis in a case involving varied success on both fee-eligible and non-fee-eligible claims).